# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 25-681V
UNPUBLISHED

|  |  |
|---|---|
| DIANA WALL,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: June 12, 2026 |

*Richard Gage*, Richard Gage, P.C., Cheyenne, WY, for Petitioner.

*Heather L. Pearlman,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On April 22, 2025, Diana Wall filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34,[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury from a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine she received on October 10, 2022. ECF No. 1.

On June 9, 2026, Petitioner filed a motion for a decision dismissing the petition. ECF No. 23. For the reasons set forth below, Petitioner's motion is **GRANTED**, and this case is **DISMISSED**.

### Relevant Procedural History

Petitioner did not file any supporting documentation with the petition. The PAR Initial Order required Petitioner to file additional statutorily required documents. ECF No. 5. On May 22, 2025, Petitioner filed some medical records. ECF No. 7. Petitioner did not file the statutorily required affidavit.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On May 12, 2026, Petitioner's counsel filed a motion withdraw as counsel due to Petitioner's failure to communicate with him. ECF No. 20. On May 13, 2026, I issued an order giving Petitioner additional time to obtain new counsel before granting the motion to withdraw. ECF No. 21.

On June 9, 2026, Petitioner's counsel filed a motion for a decision dismissing the petition stating that Petitioner had "emailed the [counsel] informing him she wished to have her claim dismissed." ECF No. 23 at 1. Petitioner understands that dismissal of her petition would result in a judgment against her and end all her rights in the Vaccine Program. *Id.*

### Grounds for Dismissal

To receive compensation under the National Vaccine Injury Compensation Program, a petitioner must prove either 1) that the vaccinee suffered an "on-Table" injury – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the listed vaccines within the applicable time frames, or 2) that the vaccinee suffered an injury not listed the Table or outside the applicable time frames, an "off-Table" injury, that was actually caused by a listed vaccine. *See* §§ 300aa—13(a)(1)(A) and 11(c)(1). Petitioner alleged an on-Table claim, i.e., that her shoulder injury was caused by the Tdap vaccination.

Petitioner no longer wishes to pursue her vaccine claim and has requested dismissal. Additionally, Petitioner has not submitted an affidavit addressing the requirements of § 11(c)(1), to include the lack of or disposition of any prior civil action and any prior awards related to Petitioner's alleged vaccine injury. Thus, Petitioner has failed to establish entitlement to compensation in the Vaccine Program.

**Accordingly, I find Petitioner's counsel's motion to withdraw as counsel to be MOOT, and this case is dismissed for insufficient proof. The clerk shall enter judgment accordingly.[3]**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] If Petitioner wishes to bring a civil action, he must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."